UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
KARIEM BROXTON, *pro se*,                          :
                                                   :        **SUMMARY ORDER**
                                     Petitioner,   :
                                                   :        09-CV-05373 (DLI)(LB)
          -against-                                :        10-CV-01030 (DLI)(LB)
                                                   :
WILLIAM LEE, Superintendent,                       :
Greenhaven Correctional Facility,                  :
                                                   :
                                     Respondent.   :
-----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On December 4, 2009, *pro se* petitioner Keriem Broxton filed a petition (Docket No. 9-CV-5373 (the "first petition")) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 1999 conviction for second-degree murder in Queens County Supreme Court. On March 5, 2010, plaintiff submitted another petition (Docket No. 10-CV-1030 (the "second petition")), also seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and challenging the same conviction. The court has examined the petitions and finds them duplicative. Accordingly, the second petition is dismissed without prejudice to the first. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000) ("simple dismissal of the second suit" permitted because there is "no right to maintain two actions on the same subject in the same court, against the same defendants at the same time.").

For the reasons set forth below, the first petition appears to be barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996. In deference to his *pro se* status, petitioner is directed to show cause, no later than thirty (30) days from the entry of this Order, *i.e.* on or before April 22, 2010, why the first petition should not be dismissed as time-barred.

**DISCUSSION**

## I.      Statute of Limitations

The AEDPA established a one-year statute of limitations for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). The one-year period runs from the date on which one of the latest of the following four events occurs:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* With respect to Section 2244(d)(1)(A), "direct review of a state criminal conviction includes review by the Supreme Court of the United States and . . . the limitations period for state prisoners therefore begins to run only after the denial of certiorari or the expiration of time for seeking certiorari." *Saunders v. Senkowski*, 2009 WL 4047950, at *3 (2d Cir. Nov. 24, 2009) (citation and internal quotation marks omitted). A judgment of conviction thus becomes final ninety days after the New York State Court of Appeals ("NYSCA") denies leave to appeal. *See id.* (applying *Williams v. Artuz*, 237 F. 3d 147, 151 (2d Cir. 2001)).

Here, petitioner's December 21, 1999 conviction was affirmed by the New York State Supreme Court, Appellate Division, Second Department ("Appellate Division") on November 8, 2006. *See generally People v. Broxton*, 34 A.D.3d 490 (2d Dep't 2006). On January 22, 2007, the NYSCA denied petitioner leave to appeal. *See generally People v. Broxton*, 8 N.Y.3d 844

(2007). Petitioner did not petition the United States Supreme Court for a writ of certiorari; thus, his judgment of conviction became final 90 days after the NYSCA denied leave to appeal on April 23, 2007, triggering the one-year statute of limitations under Section 2244(d). A timely habeas corpus petition therefore should have been submitted on or before April 23, 2008. As the instant petition was not filed until December 4, 2009, it is time-barred unless the statute of limitations is tolled.

### A.      Statutory Tolling

Section 2244(d)(2) tolls the one-year limitations period while state post-conviction motions are pending. However, Section 2244(d) applies only if petitioner's post-conviction motion was pending within the one-year limitations period, and excludes from the limitations period only the time during which the motion remains undecided. *Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000) (*per curiam*).

Here, petitioner filed a motion to vacate judgment, pursuant to N.Y. Crim. Proc. Law § 440.10, on September 18, 2002, which was denied on June 25, 2003. (Pet. at ¶ 12.) This motion did not toll the statute of limitations because it was filed before the conviction was final—in other words, before the statute of limitations had started to run. Petitioner also applied, on August 21, 2008, for a writ of error *coram nobis*. *See People v. Broxton*, 54 A.D.3d 958 (2d Dep't 2008) (denying application); *see also People v. Broxton*, 11 N.Y.3d 895 (2008) (denying leave to appeal). This motion did not toll the statute of limitations because it was filed after the one-year period had already expired, as discussed *supra*.

**B.      Equitable Tolling**

"To warrant equitable tolling, a petitioner must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008) (citations and internal quotations marks omitted). To date, petitioner has neither requested equitable tolling of the statute of limitations nor provided the court with any facts supporting such action.

**II.      Order to Show Cause**

Petitioner is entitled to notice and an opportunity to be heard before the court dismisses a petition as time-barred. *See Day v. McDonough*, 547 U.S. 198, 210 (2006); *Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000). Petitioner is thus directed to show why his habeas corpus petition is not barred by the statute of limitations. Petitioner should include any facts that would support the statutory tolling of the one-year limitations period under 28 U.S.C. § 2244(d). Should petitioner seek equitable tolling, he must set forth the factual basis for the application in his response.

## CONCLUSION

The Clerk of Court is directed to close the second petition, Docket No. 10-CV-1030. Petitioner is hereby directed to show cause by written affirmation, no later than April 22, 2010, why the statute of limitations should not bar the first petition, Docket No. 9-CV-5373. An affirmation form is attached to this Order for petitioner's convenience. No response to the petition shall be required at this time. Further proceedings are stayed until April 22, 2010, or until petitioner complies with this Order, whichever is sooner. If petitioner fails to timely comply, the first petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d). The court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: Brooklyn, NY
      March 23, 2010

_____/s/_____
DORA L. IRIZARRY
United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------- x
KARIEM BROXTON, *pro se*,                    :
                                             :    **<u>PETITIONER'S AFFIRMATION</u>**
                          Petitioner,        :
                                             :    09-CV-5373 (DLI)
            -against-                        :
                                             :
WILLIAM LEE,                                 :
                                             :
                          Respondent.        :
------------------------------------------------------- x
STATE OF _____        }
COUNTY OF _____          } SS:

      KARIEM BROXTON makes the following affirmation under penalty of perjury:

      I am the petitioner in this action and I respectfully submit this affirmation in response to

the Court's Order dated March __, 2010. The instant petition for a writ of *habeas corpus* is not

barred by the one-year statute of limitations because:

_____

_____

_____

_____

_____

            [YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

      In view of the foregoing, it is respectfully submitted that the instant petition should be

permitted to proceed.

DATED: _____        _____
                               Signature

                               _____
                               Address

                               _____
                               City, State, and Zip Code