UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KARIEM BROXTON, *pro se*, :
 :  **SUMMARY ORDER**
                    Petitioner, :
 : 09-CV-5373 (DLI)(LB)
     -against- :
 :
WILLIAM LEE, Superintendent, :
Greenhaven Correctional Facility, :
 :
                    Respondent. :
------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On December 4, 2009, *pro se* petitioner Kariem Broxton filed a petition for a writ of habeas corpus (the "December 2009 petition") pursuant to 28 U.S.C. § 2254, challenging both his 1999 conviction in Queens County Supreme Court for second degree murder, and his resultant one hundred-year prison sentence. (*See generally* Docket Entry No. 1 ("Pet.").) By Summary Order dated March 23, 2010, this court found that this petition appeared to be time-barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, as it was not submitted on or before April 23, 2008, and no statutory or equitable tolling appeared to be applicable. *See Broxton v. Lee*, 2010 WL 1207247, at *2 (E.D.N.Y. Mar. 23, 2010). However, pursuant to *Day v. McDonough*, 547 U.S. 198 (2006) and *Acosta v. Artuz*, 221 F.3d 117 (2d Cir. 2000), the court provided petitioner an opportunity to be heard prior to the *sua sponte* dismissal of his action.

On April 22, 2010, petitioner timely responded to the court's order to show cause, averring that he originally submitted his habeas petition, addressed to the United States District Court for the Southern District of New York, to prison authorities prior to the deadline. (*See generally* Docket Entry No. 3.) As proof, he attached a petition similar in substance to the

December 2009 petition. The attached petition was signed and notarized on April 9, 2008, fourteen days before it would have been untimely. (*Id.* at 13.) Petitioner also attached a copy of a New York State Department of Correctional Services "Disbursement or Refund Request," indicating that his request for an expenditure to send "legal mail" was approved by two prison officials on April 9 and 10, 2008. (*Id.* at 5.)

Accepting these submissions at face value, and applying the "mailbox rule" in the context of a *pro se* prisoner filing, the court finds that petitioner has made a sufficient showing that his habeas petition was timely filed.[1] *See Houston v. Lack*, 487 U.S. 266, 271 (1988) ("Unskilled in law, unaided by counsel, and unable to leave the prison, [a *pro se* prisoner's] control over the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has access—the prison authorities . . . ."). Accordingly, the District Attorney of Queens County, as attorney for the respondent, is Ordered to show cause before this court why a writ of habeas corpus should not issue, pursuant to a scheduling order to be issued separately.

SO ORDERED.

Dated: Brooklyn, NY
      October 4, 2010

                                          /s/
                                    DORA L. IRIZARRY
                              United States District Judge

---

[1] Despite this ruling, the court is troubled by several aspects of petitioner's response to the order to show cause. There is no record of the attached petition having been filed in either the Southern or Eastern Districts of New York, and petitioner proffered no explanation as to why it was never received. Similarly, there is no record of the letters petitioner claims to have sent to the Clerk of the Court in July and August 2008. (*See* Docket Entry No. 3 at 1.) Furthermore, petitioner left blank the section of the December 2009 petition which instructed him to "set forth below why the one-year statute of limitations . . . does not bar your petition." (Pet. 5.) Indeed, he utterly failed to address the timeliness issue until the court instructed him to do so. Finally, the court notes that only the attached petition was notarized, and questions why the December 2009 petition—the one that actually proceeded through the court system—was not.