UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
KARIEM BROXTON, *pro se*, :
:
Petitioner, :
: **SUMMARY ORDER**
-against- : 09-CV-5373 (DLI)
:
WILLIAM LEE, Superintendent, :
Greenhaven Correctional Facility :
:
Respondent. :
----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

*Pro se*[1] petitioner Kariem Broxton ("Petitioner") filed a petition for a writ of habeas corpus on December 4, 2009. By letters dated March 17, 2011 and April 25, 2011, and supporting documents dated April 28, 2011, he now seeks a stay of his habeas corpus proceeding so that he may exhaust his state claims based on newly discovered evidence. (*See* Docket Entry No. 17, 18, 19.) Respondent objects because, *inter alia*, Petitioner fails to indicate which claims he wishes to exhaust.

Although in light of Petitioner's *pro se* status this court interprets the petition "to raise the strongest arguments that [it] suggest[s]," *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted), it is unclear to the court, and Petitioner fails to indicate, which claim(s) Petitioner would like to exhaust. "A claim 'based on newly discovered evidence ha[s] never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding.' " *Ortega v.*

---

[1] The court is mindful that *pro se* submissions, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Thus, the court interprets the petition "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted).

*Duncan*, 333 F.3d 102, 108 (2d Cir. 2003) (quoting *Herrera v. Collins*, 506 U.S. 390, 400 (1993)).

While Petitioner's request could be interpreted as a claim of actual innocence based on the newly discovered evidence, not only does Petitioner fail to make the claim for actual innocence in his petition, but "a freestanding actual innocence claim does not constitute a cognizable ground for habeas relief." *Cole v. Walsh*, 2009 WL 3124771, at *5 & n.4 (E.D.N.Y. Sept. 29, 2009) (citations omitted); *see also United States v. Quinones*, 313 F.3d 49, 68 n.16 (2d Cir. 2002) ("[T]he [Supreme] Court expressly stated in *Herrera* that a claim of 'actual innocence' is not itself a constitutional claim."); *Greene v. Walker*, 1999 WL 1489805, at *1 (2d Cir. Dec. 29, 1999) (a claim of actual innocence, standing alone, "fails to demonstrate a constitutional defect that would undermine the underlying conviction.").

Thus, for the reasons stated above, Petitioner is hereby instructed to file a letter no later than August 11, 2011, of no more than three pages, informing the court as to which constitutional violation he wishes to challenge based on the newly discovered evidence. The court will hold in abeyance its decision regarding Petitioner's request for a stay pending Petitioner's submission of his letter.

SO ORDERED.

Dated: Brooklyn, New York
July 12, 2011

/s/
DORA L. IRIZARRY
United States District Judge