UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
KARIEM BROXTON, *pro se*,        :
                                 :
                    Petitioner,  :
                                 :           **SUMMARY ORDER**
            -against-            :           09-CV-5373 (DLI)
                                 :
WILLIAM LEE, Superintendent,     :
Greenhaven Correctional Facility :
                                 :
                    Respondent.  :
-------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

*Pro se*[1] petitioner Kariem Broxton ("Petitioner") filed a petition for a writ of habeas corpus on December 4, 2009. By letters filed March 17, 2011 and April 25, 2011, and supporting documents filed May 27, 2011, he seeks a stay of his habeas corpus proceeding so that he may exhaust his state claims based on newly discovered evidence. (*See* Docket Entry No. 17, 18, 19, 23.) Respondent objected because, *inter alia*, Petitioner fails to indicate which claims he wishes to exhaust. By Order dated July 12, 2011, the court directed Petitioner to file a letter informing the court as to which constitutional violation he wishes to challenge based on the alleged newly discovered evidence. (*See* Docket Entry No. 22.) Petitioner timely responded by letter filed August 11, 2011. (*See* Docket Entry No. 23.)

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not consider a petition for habeas corpus unless the petitioner has exhausted all state judicial remedies. *See* 28 U.S.C. 2254(b)(1)(A). This exhaustion requirement is premised upon

---

[1] The court is mindful that *pro se* submissions, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Thus, the court interprets the petition "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted).

"interests of comity and federalism [which] dictate that state courts must have the first opportunity to decide a petitioner's claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005). A district court may stay a habeas petition to allow for exhaustion of state court claims when: (1) there is good cause for the petitioner's failure to exhaust his claims first in state court; (2) the unexhausted state claims are potentially meritorious and (3) the petitioner did not engage in dilatory litigation or delay tactics. *Id.* at 277-78.

Here, the conditions required for the court to grant a stay of the instant petition are satisfied. First, there is good cause for Petitioner's failure to exhaust his claims because the new evidence of innocence was only recently brought to Petitioner's attention, the sworn affidavits from two witnesses not having been signed until October 2010 and May 2011. Second, if true, these affidavits could potentially further Petitioner's assertion of innocence. Finally, there does not appear to be any evidence that Petitioner engaged in dilatory tactics.

Accordingly, Petitioner's motion to stay the instant petition pending exhaustion of the claims raised in Petitioner's August 11, 2011 letter is granted. (*See* Docket Entry No. 23.) In light of Petitioner's *pro se* status, the court deems Petitioner's letter filed August 11, 2011, which details the constitutional claims he raises based on the new evidence, (*id.*), to constitute an amendment to his petition, and, upon exhaustion of those claims, to be incorporated therein. *See Triestman,* 470 F.3d at 474. Respondent is instructed to notify the court as to the outcome of the state court proceedings no later than 30 days after the final state court order.

SO ORDERED.

Dated: Brooklyn, New York
      November 10, 2011

                                                /s/
                                      DORA L. IRIZARRY
                                  United States District Judge