UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
KARIEM BROXTON,                                   :
                                                  :
                        Petitioner,               :
                                                  :
            -against-                             :          **MEMORANDUM AND ORDER**
                                                  :          **ADOPTING REPORT**
WILLIAM LEE,                                       :         **AND RECOMMENDATIONS**
                                                  :          09-cv-05373 (DLI) (LB)
                        Respondent.               :
-------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On March 12, 2020, the Honorable Lois Bloom, United States Magistrate Judge, issued a

Report and Recommendations ("R&R") recommending that this Court deny Kariem Broxton's

("Petitioner") *pro se* petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. *See*, R&R,

Dkt. Entry No. 45. The parties did not object to the R&R and, upon review and due consideration

of the R&R, the Court adopted it in its entirety by Electronic Order issued March 31, 2021.

Between April 1, 2020 and April 17, 2020, Petitioner filed requests to submit objections to the

R&R, citing late receipt of the R&R and delays related to the COVID-19 pandemic. *See*, Dkt.

Nos. 47-49. On May 12, 2020, Petitioner filed his objections to the R&R. Pet.'s Objs. to the R&R

("Pet. Objs."), Dkt. Entry No. 50. In light of Petitioner's *pro se* status and delays in mailings

caused by the COVID-19 pandemic, the Court granted Petitioner's requests to file objections and

deemed his submissions timely. Electronic Order dated October 22, 2020. Respondent opposed

Petitioner's objections. Resp.'s Opp'n to Pet.'s Objs. to the R&R ("Resp. Opp'n"), Dkt. Entry No.

53. For the reasons set forth below, Petitioner's objections are overruled, and the R&R is adopted

in its entirety.

## STANDARD OF REVIEW

When a party objects to an R&R, a district judge must make a *de novo* determination as to those portions of the R&R to which a party objects.  *See*, Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  Pursuant to the standard often articulated by the district courts of this Circuit, "[i]f a party . . . simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error."  *Antrobus v. N.Y. City Dep't of Sanitation*, 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (internal citations and quotation marks omitted); *See also*, *Rolle v. Educ. Bus Transp., Inc.*, 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) ("[A] rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (internal citations and quotation marks omitted).

On the other hand, the Court of Appeals for the Second Circuit has suggested that a clear error review may not be appropriate "where arguably 'the only way for [a party] to raise . . . arguments [is] to reiterate them.'"  *Moss v. Colvin*, 845 F.3d 516, 519 n.2 (2d Cir. 2017) (quoting *Watson v. Geithner*, 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013)).  Nonetheless, a court will not "ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance."  *Santiago v. City of N.Y.*, 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 27, 2016) (internal citation and quotation marks omitted).

After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3); *See also*, 28 U.S.C. § 636(b)(1).

In reviewing Petitioner's objections, the Court is mindful that, "[a] document filed *pro se*

is to be liberally construed and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).  Accordingly, the Court interprets the Petitioner's submissions "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks, emphasis, and citation omitted).

## DISCUSSION

The Court presumes the parties' familiarity with the R&R and Petitioner's underlying state court proceedings.  As set forth below, Petitioner's objections are an attempt to relitigate his underlying petition and arguments raised on appeal in the state court.  Moreover, the magistrate judge reviewed the entire state court trial and appellate records, which contained "all of Petitioner's claims, including those raised in Petitioner's second motion to vacate the conviction" pursuant to New York Criminal Procedure Law ("CPL") § 440.10.  *See*, R&R at 13, 30.  Thus, the Court will apply a clear error standard of review.

First, Petitioner objects that the magistrate judge did not address the New York State Supreme Court's and Appellate Court's denial of his motion for an evidentiary hearing in conjunction with his motion to vacate his conviction pursuant to § 440.10.  *See*, Pet. Objs. at 1-2. However, the magistrate judge did address the underlying merits of Petitioner's § 440.10 motion and the quality of the evidence proffered by Petitioner, ultimately rejecting Petitioner's underlying claim of actual innocence based on newly discovered evidence.  *See*, R&R at 17-23.  The magistrate judge also accounted for the fact that an evidentiary hearing was denied.  *See*, *Id.* at 6-7.  Additionally, Petitioner's arguments for a hearing, relying on CPL § 440.30, were raised in his second motion to vacate the conviction, which the magistrate judge considered in its entirety when

3

issuing the R&R.  *See*, R&R at 13; Pet.'s Second CPL § 440.10 Mot., Dkt. Entry No. 38-1.  Thus, this objection is overruled.

Second, Petitioner objects to the lack of a recommendation for an evidentiary hearing in connection with the instant *habeas corpus* petition.  Pet. Objs. at 3.  However, Petitioner did not seek an evidentiary hearing in the instant petition or his subsequent amendments, and merely complained that one was denied by the state courts.  Petitioner also conflates his burden of proof with an entitlement to a hearing.  *Id.*  As Petitioner acknowledges, "[a] district court has broad discretion to hear further evidence in habeas cases where § 2254(e)(2) does not apply."  Pet. Objs. at 3 (quoting *Drake v. Portuondo*, 321 F.3d 338, 347 (2d Cir. 2003) (internal quotations and citation omitted)).  The magistrate judge correctly found that the evidence Petitioner would submit at a hearing in support of his actual innocence "lacks indicia of credibility."  R&R at 22.  Petitioner merely disputes this finding while admitting that "the Magistrate acknowledged Mr. Broxton's new evidence."  Pet. Objs. at 5.  Thus, Petitioner's objection is overruled.  Based on the magistrate judge's findings set forth in the R&R and a review of Petitioner's submissions, this Court finds that an evidentiary hearing would "add little or nothing to the written submissions" and, therefore, is not required.  *Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001).

Third, Petitioner claims that the magistrate judge did not "differentiate which [ineffective assistance of counsel] claims were denied" as procedurally defaulted, as opposed to on the merits, at the state trial and appellate level.  *See*, Pet. Objs. at 6-7.  Petitioner also objects that the magistrate judge did not discuss every single one of his alleged instances of ineffective assistance of counsel.  *Id.*  In support, Petitioner reiterates his previously raised arguments in support of his ineffective assistance of counsel claims.  *Id.* at 6-10.  However, these arguments were addressed and properly rejected by the magistrate judge in the R&R.  *See*, R&R at 23-31.  While Petitioner's

complaints about prior trial and appellate counsel were "too numerous to repeat" in the R&R, that does not mean the magistrate judge overlooked the complaints. *Id.* at 23. In fact, the most serious claim, which concerns the circumstances surrounding Petitioner's decision to reject several alleged plea offers and proceed to trial instead, was addressed in great detail.[1] *See*, *Id.* at 23-29. Petitioner has not pointed to any facts that were overlooked in the R&R, and it is clear that the magistrate judge, after "[h]aving reviewed the entire record," denied Petitioner's claim. *See*, *Id.* at 30-31 ("the attorney errors alleged neither individually nor cumulatively meet the <u>Strickland</u> standard"). Accordingly, Petitioner's objection is overruled.

Fourth, as to his actual innocence claim, Petitioner objects to the magistrate judge's conclusion that the convenient timing of the submission of his newly discovered evidence rendered it less credible. *See*, Pet. Objs. at 11. In so doing, Petitioner again simply disagrees with the magistrate judge's assessment of the record. The magistrate judge accurately and correctly described some of Petitioner's new evidence as the type of "eleventh-hour affidavit vouching for a defendant and incriminating a conveniently absent suspect" that should be treated with skepticism. R&R at 22 (citation omitted). Nevertheless, Petitioner overlooks the fact that the timing of his new evidence was not the sole basis for the R&R's rejection of his claim. Indeed, the magistrate judge acknowledged that timing alone did not render the evidence incredible, and found that, even if credited, it ultimately would not exonerate Petitioner. *See*, *Id.* at 22. Thus, Petitioner's objection is overruled.

Fifth, Petitioner recites his original arguments regarding prosecutorial misconduct, but fails to raise any objections to the magistrate judge's findings. Pet. Objs. at 12. These claims were

---

[1] Petitioner's assertion that he would have taken a guilty plea is belied by his claims of actual innocence, even after his conviction at trial. *See*, R&R at 28-29. As Petitioner has explained, "[t]he reason petitioner has never excepted [sic] those plea's [sic] is because petition [sic] is innocence [sic]." Dkt. Entry No. 23 at 2.

addressed squarely and properly were rejected by the magistrate judge. *See*, R&R at 31-35. Petitioner vaguely references the exclusion of a codefendant's statement by the trial court, which this Court construes to be a reference to his *Brady* claim. *See*, Pet. Objs. at 11; R&R at 33-35. Petitioner does not articulate an objection to the magistrate judge's rejection of his *Brady* claim, which also was addressed properly by the magistrate judge. *See*, *Id.* Thus, to the extent objections were raised to these findings, they are overruled.

Finally, Petitioner attaches a number of exhibits including witness affidavits and statements, blank petition fliers, certificates and other documents pertaining to his activities while incarcerated. *See*, Pet. Objs. at 13-96. Petitioner does not reference any of these materials in his objections and does not claim that any document was overlooked by the magistrate judge. The majority of the witness affidavits and statements were referenced and discussed by the magistrate judge in the R&R with respect to Petitioner's actual innocence claim. *See*, R&R at 17-19.[2] The remaining affidavits and statements that were not referenced specifically in the R&R do not appear to be attached to any of Petitioner's prior submissions or state court motions challenging his conviction. Thus, it appears the magistrate judge did not have the opportunity to review these remaining affidavits and statements. However, these affidavits and statements suffer from the same infirmities that the magistrate judge found after reviewing all of the evidence provided by Petitioner in support of his claim. A best, they are cumulative of the newly discovered evidence discussed in the R&R and would not change the ultimate conclusion that Petitioner failed to demonstrate his actual innocence. *See*, R&R at 22-23. Additionally, the magistrate judge did not have the opportunity to consider the fliers and certificates submitted by Petitioner as they do not

---

[2] The remaining affidavits and statements are of Sophia Goode, Christopher Darby, Robert Brown, Frank Straker, Herbert Miranda, Timothy Acosta, and Petitioner, in addition to a transcript of an interview of Sophia Goode. *See*, Pet. Objs. at 16-29, 47-48, 52-54, 56-57, 62-66.

appear to be part of Petitioner's original submissions.  Moreover, they have no bearing on any of Petitioner's claims in support of *habeas* relief.  Therefore, even assuming, *arguendo*, that Petitioner's exhibits may have been overlooked, the Court finds that they do not merit a change in the magistrate judge's findings.

Having duly considered each of Petitioner's objections, they are overruled.  The Court does not find any clear error in the very thorough, detailed, and well reasoned R&R.  Accordingly, the Court adopts the R&R in its entirety.

## CONCLUSION

For the foregoing reasons, the Court overrules Petitioner's objections and adopts the R&R in its entirety.  Accordingly, the petition for a writ of *habeas corpus*, made pursuant to 28 U.S.C. § 2254, is denied.  Petitioner is denied a certificate of appealability as he fails to make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *See*, *also*, Fed. R. App. P. 22(b); *Lucidore v. New York State Div. of Parole*, 209 F. 3d 107, 112 (2d Cir. 2000).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal.  *See*, *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  Respondent is directed to serve a copy of this Order on Petitioner within five (5) days of this Order and immediately thereafter file proof of such service with the Court.


SO ORDERED.

Dated: Brooklyn, New York
　　　July 22, 2021

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　　　　DORA L. IRIZARRY
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge